# NANCY SUVER

## *v.*

## WILLIAM O'RILEY.

1. SALE OF PROPERTY OR PROCEEDS THEREOF—*binding, although such property or its proceeds may not be in possession of seller.* Where the owner of property puts it in the possession of another, for the purpose of having it sold, and then sells the proceeds of such sale to a third party, he is bound to pay over such proceeds to the purchaser, and if he fails to do so, the purchaser can maintain an action therefor.

2. In such case, the suit must be against the owner of the property, and not against the one in whose hands it was placed for sale, and who may have in his hands the proceeds of the sale at the time of suit.

3. VERDICT—*can not be impeached for mistake on statement of juror.* Where a jury have returned a verdict which is, by the court, put in form, and the jury then polled, and each of them assents to the verdict after it is so put in form, they can not be permitted to come in afterwards and say they were mistaken, and thus impeach their verdict.

APPEAL from the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was a suit originally brought by the appellee against the appellant, to recover the proceeds of the sale of a bull. The facts were, that the appellant, who was the owner of the bull, delivered it to one John Shelton, at Cameron, Illinois, on the 8th of January, 1872, to be shipped to Chicago and sold, the proceeds to be returned to her. On the 10th of Jan-

nary, 1872, the son of appellant, acting as her agent, sold the proceeds of whatever the bull might bring in Chicago, to the appellee, for fifty-one dollars, which appellee then and there paid to appellant's said son. The appellant refused to deliver to appellee the proceeds of such sale, and he brought this suit, in which, upon appeal to the circuit court, he obtained a verdict for sixty dollars and costs of suit, to be equally divided between the parties. The court put the verdict in form, so as to read: "We, the jury, find for the plaintiff, and assess the damages at sixty dollars," to which the jury, upon being polled and asked if the verdict so put in form was their verdict, assented. On the motion for a new trial, the affidavits of five of the jurors were read, to the effect that they did not know, when the jury was polled, that the form of the verdict had been changed, and that they assented to the verdict, as changed, through mistake.

Mr. JOHN J. GLENN, for the appellant.

Messrs. STEWART & PHELPS, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

There is nothing in the points made by appellant on this record. The proceeds of the sale of this bull were bought and paid for, by appellee, of the owner, and whether they were actually in her hands when the suit was brought, is immaterial. They were technically in her possession and under her control. Appellee could not have brought his action against Shelton for these proceeds. as there was no privity between them. and no contract about them. They were the property of appellant, which she was bound to hand over to appellee in performance of her contract with him.

The evidence fully sustains the verdict. It is said the verdict was rendered by mistake. This plea can not be allowed. There would be but little use for jury trials, if members of the panel were permitted to come in, after the finding, and

state they were mistaken. The jury were polled, when the court put the verdict in form, and were asked, when so put in form, if it was their verdict, to which they unanimously assented.

The instructions were properly disposed of, the verdict is right, does full justice, and ought to stand.

The judgment must be affirmed.

*Judgment affirmed.*